IN THE
UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

State of Connecticut,

      Plaintiff,

             v.

A.R. Sandri, Inc., 23 West Bacon Corporation, A.P. New Jersey, Inc., Acushnet Company, AGC Incorporated, Akzo Nobel Coatings Inc., Allied Printing Services Incorporated, American Biltrite Inc., American Electro Products, Inc., American Radionic Company, Inc., American Sugar Refining, Inc., Archer Rubber, LLC, Atlantic Richfield Company, B.A. Ballou & Co., Inc., BAE Syatems Information and Electronic Systems Integration Inc., Ball Corporation, Barnes Group Inc., Bauer Electro Inc., Bedoukian Research Inc., Belden Inc., Bemis Company, Bennett Heat Treating & Brazing Co., BIC Corporation, BICC Cables Corporation, BP Amoco Chemical Company, Bradford Industries, Inc., Branson Ultrasonics Corporation, Bridgeport Magnetics Group Inc., Bull Metal Products Co., Inc., BWAY Corporation, C & M Technologies Group, Inc., C. Cowles & Co., C.L.H. Inc., C.R. Bard, Inc., Camger Coatings Systems, Inc., Capitol Records, Inc., Carris Reels of Connecticut, Inc., CBS Corporation, CCL Label, Inc., Chamberlain Manufacturing Corporation, Chartpak, Inc., Chelsea Industries, Inc., Chemical Coatings Corporation, Chromium Process Company, Ciba Corporation, City of Torrington, City of Woburn, Massachusetts, Clair Saco Volkswagen, Inc., Commercial Industrial Motors Division of Emerson Electric Co., Conarc, Inc., Concord Litho Group, Inc., Cooper Industries, LLC, Courtaulds Aerospace, Inc., D.C.I. (Design Contempo) Corp., Dampney Company, Inc., Darworth Company, David Muise dba Dave's Auto Body, Deitsch Plastic Co., Inc., Delker Corporation, The, Design Label Mfg., Dicicco's Auto Body, Dielectric Polymers, Inc., DII Industries, LLC, Dino Corp., Divest, Inc., Dossert Corporation, E.I. duPont de Nemours and Company, Easco Hand Tools, Inc., Eastern Etching & Manuf. Co., Ecological Fibers, Inc., Electro-Films, Inc., Semi-Films Division, EMD Chemicals Inc., Emhart Industries, Inc., Energy Maintenance Corp., Enthone Inc., Ethan Allen, Inc., Evonik Degussa Corporation, Exxon Mobil Corporation, FCI USA, Inc., Fenner, Inc., Frank J. Coscina Associates, Inc., Freudenberg-NOK, Galaxy Auto Body, General Motors Corporation, George Schmitt & Co., Inc., Giering Metal Finishing, Inc., Gintzler Graphics, Inc., Gloucester Marine Railway Corporation, Gotham Ink Corporation, Great American Financial Resources, Inc., Grodel Mfg. Co., GTE Operations Support Incorporated OSRAM Sylvania, Inc., Guilford Gravure, Inc., H.B. Fuller Company, Hampford Research, Inc., Harris

**COMPLAINT**

Civil No.

_____

Corporation, Heminway Corp., Henkel Corporation,   Hercules
Incorporated,

Hicks & Otis Prints Inc., Honeywell International Inc., Hopewell Precision,
Inc., Howe Folding Furniture Co., Hubbard-Hall Inc., Illinois Tool Works
Inc., Indalex Inc., Indusol, Inc., Industrial Polymers & Chemicals, Inc., Jared
Manufacturing Company Inc., K.J.Quinn & Co., Inc., Kanthal Corporation,
Keymark Corp., Keystone Cement Company, King Industries, Inc.,
Kollmorgen Corporation, Kollmorgen Corporation, Macbeth Division, L &
D Safety Marking Corp., L.E. Carpenter & Company, Lance Valve - A
Division of Advanced Thermal Systems, Inc., Larson Tool & Stamping
Company, Lewcott Corporation, Liberty Oil Equipment Co., Inc., Lonza
Inc., Lutco, Inc., Lyman Products Corp., MacDermid, Inc., Mal's Towing &
Autobody, Mayhew Steel Products Inc., Meyer Pak, Miller Brewing
Company, Miniature Precision Bearing- MPB Corp., Moore Special Tool
Co., Morton International, Inc., Nashua Corporation, NEPTCO
Incorporated, New England Aircraft Products, New England Etching Co.,
Inc., Newell Rubbermaid Inc., Nitto Denko Company, Original Charter
Corp., Owens-Illinois General Inc., Owosso-Delaware, Inc., Parker Hannifin
Corporation, Pepsi-Cola Bottling Co., Pharmacia & Upjohn Company LLC,
Philips Electronics North America Corporation, Pitney Bowes, Inc.,
Polymetal Finishing, Porcelen LTD. CT. LLC, Poughkeepsie Newspapers, a
division of Gannett Satellite Information Network, Inc., Power
Semi-Conductors Inc., PPG Architectural Finishes, Inc., Quad / Graphics,
Inc., Quality Name Plate, Inc., R.T. Vanderbilt Company, Inc., Reflexite
Corporation, Reichhold, Inc., Rexem, Inc., Robertshaw Controls Company,
Rockbestos-Surprenant Cable Corp., Rogers Corporation, Rohm and Haas
Electronic Materials LLC, Rotair Industries, Inc., Sara Lee Corporation,
Sargent Manufacturing Company, Scapa Tapes North America (Windsor)
Inc., Schlumberger Technology Corporation, Sebago, Inc., SI Group, Inc.,
Silvered Electronic Mica Co., Inc., SPC Divestiture, Inc., Spectrum Coatings
Laboratories, Inc., Stamford Wall Paper Co., Inc., Stanadyne Corporation,
StanChem, Inc., State of Vermont, Agency of Transportation, Strathmore
Products, Inc., Sullivan Paper Company, Inc., Sun Chemical Co.,
Supreme-Lake Mfg., Inc., Tapecon Inc., Tech-Etch, Inc., Tensolite
Company, Tex Tech Industries, Inc., The Anchorage, Inc., The Durham
Manufacturing Company, The Genlyte Group Incorporated, The Gillette
Company, The Hartford Courant Company, The Sherwin-Williams
Company, The Truesdale Company, Titeflex Corporation, Trane U.S. Inc.,
Triple A Spring Ltd., Tyco Healthcare Group LP, Uncas Manufacturing
Company, Uniroyal, Inc., Uniroyal Holding, Inc., Uretek, LLC, Venture
Tape Corp., Verla International Ltd., Vitramon Inc., Voltarc Technologies,
Inc., Warner-Lambert Company, LLC, Waste Management Holdings, Inc.,
Waterbury Companies, Inc., Web Technologies, Inc., Weyerhaeuser
Company, Winslow Automatics, Inc., Wright Line LLC, and Wyeth
Holdings Corporation,

Defendants.

The State of Connecticut, by the Attorney General of the State of Connecticut, and, at the request and on behalf of the Commissioner of Environmental Protection alleges:

STATEMENT OF THE CASE

1.      This is a civil action brought by the State of Connecticut ("the State") pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U. S. C. § 9607 and Connecticut General Statutes §§ 22a-6a, 22a-16, and 22a-451, seeking recovery of response costs incurred and to be incurred by the State for response actions in connection with the release or threatened release of hazardous substances at or from the Solvents Recovery Services of New England, Inc. facility in Southington, Connecticut ("SRS facility"), performance of remedial action, damages for injury to, destruction of, or loss of natural resources of the State and other relief.

JURISDICTION

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 9607 and 9613(b) and has supplemental jurisdiction over State law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) and 42 U.S.C. § 9613(b), because the threatened and actual release of hazardous substances have occurred in this district.

DEFENDANTS

4.      Each of the persons listed in Appendix A, hereto, is a person within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).


<u>GENERAL ALLEGATIONS</u>

5.      The Solvents Recovery Services of New England, Inc. Federal Superfund Site ("Site") is located on the site of a former solvents recovery, blending and resale facility which was in operation from 1955 through 1991.

6.      The SRS facility accepted spent solvents which it distilled and resold.   The distillation process produced a solvent-laden sludge that was, depending on the time period, disposed of in lagoons or burned in an open-pit incinerator.   Spent solvent handled at the facility also leaked and was spilled onto the bare ground.

7.      These activities resulted in the contamination of the Site.   The Site's soils and groundwater are heavily contaminated with hazardous substances, primarily volatile organic compounds and semi-volatile organic compounds.

8.      The State has conducted various response actions at the Site, including the following:   (a) the removal of soils contaminated with hazardous substances; (b) the removal of drums and other containers of hazardous substances; (c) the performance of a remedial investigation at the Site; (d) oversight of response actions being implemented by a group of potentially responsible parties at the Site; and (e) various enforcement actions.

9.      Each of the persons listed in Appendix A, hereto, sent waste solvents to the SRS facility for treatment and/or disposal.   The waste solvents contained hazardous substances.

10.     The United States Environmental Protection Agency ("EPA") listed the Site on the National Priorities List ("NPL") in September 1983.   The NPL was established pursuant to Section 105(a) of   CERCLA, 42 U.S.C. § 9605(a), and is found at 40 C.F.R. Part 300, Appendix B .   The NPL is a list of those sites at which there are releases of hazardous substances, and which EPA has ranked as having the highest priority for remediation or other response action among all nationally identified releases, based on relative risk or danger to public health, welfare or the environment.

11.     As a result of the activities at the SRS facility, there were and are releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threats of continuing releases, of hazardous substances, within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), into the environment at or from the SRS facility.

12.     As a result of the activities at the SRS facility, there has been injury to, destruction of, or loss of the natural resources of the State of Connecticut.

13.     As a result of the activities at the SRS facility, the State has incurred costs in conducting response actions at the Site.

<u>FIRST COUNT:   CERCLA § 107, 42 U.S.C. 9607</u>

14.     Paragraphs 1 through 13 are incorporated herein by reference.

15.     The Site is a facility within the meaning of Section 101(9) of CERCLA, 42 U.S. C.§ 9601(9).

16.     There have been releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threatened releases of hazardous substances at or from the Site.

17.     The State has incurred costs of response, within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), to respond to the releases or threatened releases of hazardous substances at the Site.

18.     The State's response actions regarding the Site are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

19.     Each of the persons listed in Appendix A, hereto, is liable to the State pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. § 9797(a)(3), as a person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at a facility owned or operated by another party or entity and containing such hazardous substances.

20.     The State has incurred injury to, destruction of, or loss of natural resources, within the meaning of Section 101(16) of CERCLA 42 U.S.C. § 9601(16) as a result of the release of hazardous substances from the SRS facility.

21.     Pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, each of the persons listed in Appendix A, hereto, is jointly and severally liable to the State for all costs of response actions incurred and to be incurred in the future and for damages for injury to, destruction of, or loss of natural resources of the State.

SUPPLEMENTAL STATE CLAIMS

SECOND COUNT:   CONN. GEN. STAT. § 22a-451

22.     The State of Connecticut, on behalf of the Commissioner of Environmental Protection, brings this action.   The Commissioner of Environmental Protection of the State of Connecticut, is charged with the supervision and enforcement of the statutes of the State of Connecticut respecting the environment, and is generally empowered by virtue of Conn. Gen. Stat. § 22a-6(a)(3) to institute all legal proceedings necessary to enforce statutes, regulations or orders administered, adopted or issued by the Commissioner of Environmental Protection.

23.     Paragraphs 2 through 13 are incorporated herein by reference.

24.     Each of the persons listed in Appendix A, hereto, directly or indirectly caused pollution and contamination of the land or the waters of the State through the discharge, spillage, uncontrolled loss, seepage, or filtration of oil or petroleum or chemical liquids or solid, liquid or gaseous products or hazardous waste.

25.     The State has incurred and will incur in the future costs and expenses in investigating, containing, removing, monitoring or mitigating such pollution and contamination caused by each of the persons listed in Appendix A, hereto.

26.     Each of the persons listed in Appendix A, hereto, is liable to the State for said costs and expenses incurred pursuant to Conn. Gen. Stat. § 22a-451.

<u>THIRD COUNT:   CONN. GEN. STAT. § 22a-6a</u>

27.     Paragraphs 2 through 12 and Paragraph 22 are incorporated herein by reference.

28.     Each of the persons listed in Appendix A, hereto, is liable to the State for the reasonable costs and expenses of the State in restoring the air, water, lands and other natural resources of the State, including plant, wild animal and aquatic life to their former condition insofar as practicable and reasonable, or, if restoration is not practicable or reasonable, for any damage temporary or permanent to the air, waters, land or other natural resources of the State, including plant, wild animal and aquatic life and to the public trust therein pursuant to Conn. Gen. Stat. § 22a-6a.

<u>FOURTH COUNT:   CONN. GEN. STAT. § 22a-16</u>

29.     Paragraphs 2 through 12 and Paragraph 22 are incorporated herein by reference.

30.     "The Environmental Protection Act of 1971," Sections 22a-14 to 22a-20 of the Connecticut General Statutes authorizes an action for declaratory and equitable relief  "for

7

the protection of the public trust in the air, water and other natural resources of the State from unreasonable pollution, impairment or destruction."

31.     Conn. Gen. Stat. § 22a-16 authorizes the Attorney General or any political subdivision of the State to maintain such an action for declaratory and equitable relief against any person for the protection of the public trust in the air, water and other natural resources of the State from unreasonable pollution, impairment or destruction.

32.     By their activities at the SRS Facility, each of the persons listed in Appendix A, hereto, has created a situation which has and will continue to have the effect of unreasonably polluting, impairing or destroying the public trust in the water and other natural resources of the State unless the defendant takes positive action to abate and remediate conditions which have caused the pollution, impairment or destruction.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the State prays that this Court:

1.      Order each of the persons listed in Appendix A, hereto, to reimburse the State for all response costs incurred or to be incurred by the State, pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607.

2.      Order each of the persons listed in Appendix A, hereto, to reimburse the State for the reasonable costs and expenses in detecting, investigating, controlling and abating pollution or contamination pursuant to Conn. Gen. Stat. § 22a-451.

3.      Find that each of the persons listed in Appendix A, hereto, is liable to the State for damages for injury to, destruction of, or loss of natural resources pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607.

4.      Find that each of the persons listed in Appendix A, hereto, is liable to the State pursuant to Conn. Gen. Stat. § 22a-6a for the reasonable costs and expenses of the State in restoring the waters, land and other natural resources of the State, or if restoration is not practicable or reasonable, for any damage, temporary or permanent, caused to the water, lands or natural resources of the State, including plant, wild animal and aquatic life and the public trust therein.

5.      For the protection of the public trust in the air, water and other natural resources of the State, enjoin each of the persons listed in Appendix A, hereto, pursuant to Conn. Gen. Stat. § 22a-16 from unreasonably polluting, impairing or destroying the natural resources of the State.

**FOR THE STATE OF CONNECTICUT:**

RICHARD BLUMENTHAL
ATTORNEY GENERAL


9/29/08                         By:   /s/ John M. Looney_____
Date                                  JOHN M. LOONEY
                                      Assistant Attorney General
                                      Office of the Attorney General
                                      55 Elm Street
                                      Hartford, CT 06106
                                      Federal Bar # CT08279JML


9/29/08                               /s/ Lori D. DiBella_____
Date                                  LORI D. DIBELLA
                                      Assistant Attorney General
                                      Office of the Attorney General
                                      55 Elm Street
                                      Hartford, CT 06106
                                      Federal Bar # CT19101

APPENDIX A
<u>LIST OF DEFENDANTS</u>

A.R. Sandri, Inc.
23 West Bacon Corporation
A.P. New Jersey, Inc.
Acushnet Company
AGC Incorporated
Akzo Nobel Coatings Inc.
Allied Printing Services Incorporated
American Biltrite Inc.
American Electro Products, Inc.
American Radionic Company, Inc.
American Sugar Refining, Inc.
Archer Rubber, LLC
Atlantic Richfield Company
B.A. Ballou & Co., Inc.
BAE Syatems Information and Electronic
    Systems Integration Inc.
Ball Corporation
Barnes Group Inc.
Bauer Electro Inc.
Bedoukian Research Inc.
Belden Inc.
Bemis Company
Bennett Heat Treating & Brazing Co.
BIC Corporation
BICC Cables Corporation
BP Amoco Chemical Company
Bradford Industries, Inc.
Branson Ultrasonics Corporation
Bridgeport Magnetics Group Inc.
Bull Metal Products Co., Inc.
BWAY Corporation
C & M Technologies Group, Inc.
C. Cowles & Co.
C.L.H. Inc.
C.R. Bard, Inc.
Camger Coatings Systems, Inc.
Capitol Records, Inc.
Carris Reels of Connecticut, Inc.
CBS Corporation
CCL Label, Inc.
Chamberlain Manufacturing Corporation
Chartpak, Inc.
Chelsea Industries, Inc.
Chemical Coatings Corporation
Chromium Process Company
Ciba Corporation
City of Torrington
City of Woburn, Massachusetts

Clair Saco Volkswagen, Inc.
Commercial Industrial Motors Division of
    Emerson Electric Co.
Conarc, Inc.
Concord Litho Group, Inc.
Cooper Industries, LLC
Courtaulds Aerospace, Inc.
D.C.I. (Design Contempo) Corp.
Dampney Company, Inc.
Darworth Company
David Muise dba Dave's Auto Body
Deitsch Plastic Co., Inc.
Delker Corporation, The
Design Label Mfg.
Dicicco's Auto Body
Dielectric Polymers, Inc.
DII Industries, LLC
Dino Corp.
Divest, Inc.
Dossert Corporation
E.I. duPont de Nemours and Company
Easco Hand Tools, Inc.
Eastern Etching & Manuf. Co.
Ecological Fibers, Inc.
Electro-Films, Inc., Semi-Films Division
EMD Chemicals Inc.
Emhart Industries, Inc.
Energy Maintenance Corp.
Enthone Inc.
Ethan Allen, Inc.
Evonik Degussa Corporation
Exxon Mobil Corporation
FCI USA, Inc.
Fenner, Inc.
Frank J. Coscina Associates, Inc.
Freudenberg-NOK
Galaxy Auto Body
General Motors Corporation
George Schmitt & Co., Inc.
Giering Metal Finishing, Inc.
Gintzler Graphics, Inc.
Gloucester Marine Railway Corporation
Gotham Ink Corporation
Great American Financial Resources, Inc.
Grodel Mfg. Co.
GTE Operations Support Incorporated OSRAM
    Sylvania, Inc.
Guilford Gravure, Inc.

11

H.B. Fuller Company
Hampford Research, Inc.
Harris Corporation
Heminway Corp.
Henkel Corporation
Hercules Incorporated
Hicks & Otis Prints Inc.
Honeywell International Inc.
Hopewell Precision, Inc.
Howe Folding Furniture Co.
Hubbard-Hall Inc.
Illinois Tool Works Inc.
Indalex Inc.
Indusol, Inc.
Industrial Polymers & Chemicals, Inc.
Jared Manufacturing Company Inc.
K.J.Quinn & Co., Inc.
Kanthal Corporation
Keymark Corp.
Keystone Cement Company
King Industries, Inc.
Kollmorgen Corporation
Kollmorgen Corporation, Macbeth Division
L & D Safety Marking Corp.
L.E. Carpenter & Company
Lance Valve - A Division of Advanced Thermal
    Systems, Inc.
Larson Tool & Stamping Company
Lewcott Corporation
Liberty Oil Equipment Co., Inc.
Lonza Inc.
Lutco, Inc.
Lyman Products Corp.
MacDermid, Inc.
Mal's Towing & Autobody
Mayhew Steel Products Inc.
Meyer Pak
Miller Brewing Company
Miniature Precision Bearing- MPB Corp.
Moore Special Tool Co.
Morton International, Inc.
Nashua Corporation
NEPTCO Incorporated
New England Aircraft Products
New England Etching Co., Inc.
Newell Rubbermaid Inc.
Nitto Denko Company
Original Charter Corp.
Owens-Illinois General Inc.
Owosso-Delaware, Inc.
Parker Hannifin Corporation

Pepsi-Cola Bottling Co.
Pharmacia & Upjohn Company LLC
Philips Electronics North America Corporation
Pitney Bowes, Inc.
Polymetal Finishing
Porcelen LTD. CT. LLC
Poughkeepsie Newspapers, a division of Gannett
    Satellite Information Network, Inc.
Power Semi-Conductors Inc.
PPG Architectural Finishes, Inc.
Quad / Graphics, Inc.
Quality Name Plate, Inc.
R.T. Vanderbilt Company, Inc.
Reflexite Corporation
Reichhold, Inc.
Rexem, Inc.
Robertshaw Controls Company
Rockbestos-Surprenant Cable Corp.
Rogers Corporation
Rohm and Haas Electronic Materials LLC
Rotair Industries, Inc.
Sara Lee Corporation
Sargent Manufacturing Company
Scapa Tapes North America (Windsor) Inc.
Schlumberger Technology Corporation
Sebago, Inc.
SI Group, Inc.
Silvered Electronic Mica Co., Inc.
SPC Divestiture, Inc.
Spectrum Coatings Laboratories, Inc.
Stamford Wall Paper Co., Inc.
Stanadyne Corporation
StanChem, Inc.
State of Vermont, Agency of Transportation
Strathmore Products, Inc.
Sullivan Paper Company, Inc.
Sun Chemical Co.
Supreme-Lake Mfg., Inc.
Tapecon Inc.
Tech-Etch, Inc.
Tensolite Company
Tex Tech Industries, Inc.
The Anchorage, Inc.
The Durham Manufacturing Company
The Genlyte Group Incorporated
The Gillette Company
The Hartford Courant Company
The Sherwin-Williams Company
The Truesdale Company
Titeflex Corporation
Trane U.S. Inc.

Triple A Spring Ltd.
Tyco Healthcare Group LP
Uncas Manufacturing Company
Uniroyal, Inc., Uniroyal Holding, Inc.
Uretek, LLC
Venture Tape Corp.
Verla International Ltd.
Vitramon Inc.
Voltarc Technologies, Inc.
Warner-Lambert Company, LLC
Waste Management Holdings, Inc.
Waterbury Companies, Inc.
Web Technologies, Inc.
Weyerhaeuser Company
Winslow Automatics, Inc.
Wright Line LLC
Wyeth Holdings Corporation