IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
STATE OF CONNECTICUT, ET AL,           :
                                       :
                    PLAINTIFFS,        :
                                       :
        v.                             :      CIVIL NO. 3:08CV1505 (WWE)
                                       :
A.R. SANDRI, INC., ET AL.,             :
                                       :
                    DEFENDANTS.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

## CONSENT MOTION TO ENTER CONSENT DECREE

The plaintiff, the United States of America, hereby moves this Court to approve, sign and enter as a final judgment the Consent Decree which was lodged with this Court on October 30, 2008.

The Consent Decree resolves the United States' and the State of Connecticut's ("State's") cost recovery claims against the defendants regarding the Solvents Recovery Service of New England, Inc. Superfund Site in Southington, Connecticut ("Site"). The Site is located on the site of a former solvents recovery, blending and resale facility which was in operation from 1955 through 1991. The SRS facility accepted spent solvents which it distilled and resold. As a result of the facility's operations, the soils and groundwater at the Site became contaminated with hazardous substances. The United States, the State and various private parties have conducted cleanups at the Site, and have incurred costs as a result. The U.S. Environmental Protection Agency ("EPA") issued a Record of Decision selecting the remedy for the Site in 2006. The remedy includes containment of contaminated groundwater, operation of a groundwater pump-and-treat system and a source-control remedy for the contaminated soils.

The contamination at the Site also has caused injury to on-site and nearby natural

resources that are under the trusteeship of the U.S. Department of the Interior ("DOI") and the State.  The proposed consent decree requires each of the 212 settling defendants to pay a sum of money that is based on the amount of its solvents that were disposed of at the Site.  The payments will be deposited into a Trust account which will be used to help fund the cleanup of the Site.

Pursuant to 28 C.F.R. § 50.7, notice of the Consent Decree was published in the Federal Register on November 6, 2008, 73 Fed. Reg. 66057-66058.  The comment period has ended and the United States has received no comments regarding the settlement.

On December 12, 2008, one of the defendants in this matter, The Hartford Courant Company ("Courant"), filed a notice in this matter that the Tribune Company and certain of its subsidiaries, including the Courant, had filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  The Courant asserted that all litigation in this matter is stayed, as to the Courant.  Since then, the Courant, the State and the United States entered into a stipulation providing, among other things, that the automatic stay under the Bankruptcy Code shall be lifted to the extent necessary to permit implementation of the Consent Decree as it respects the Courant.  The stipulation was approved by the Bankruptcy Court by order issued on March 23, 2009.  The order provides that "the automatic stay is hereby modified to the extent necessary to permit the entry and approval of the Consent Decree."  Attachment 1, at 2.

The Consent Decree is fair, reasonable, consistent with the statutory scheme of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. § 9601, *et seq.*, and in the public interest.  Accordingly, the United States respectfully requests that this Court approve the Consent Decree and enter it as a final judgment.

The State has authorized the undersigned to state that it joins in this motion. All of the defendants consent to this motion and to the entry of the consent decree.

The execution copy of the consent decree was attached to the Notice of Lodging which was filed with the Court on October 30, 2008.

A memorandum in support of this motion is not necessary.

                Respectfully submitted,

                ELLEN MAHAN
                Deputy Section Chief
                Environmental Enforcement Section
                Environment and Natural Resources Division
                U.S. Department of Justice

                _____/s/_____
                MARK A. GALLAGHER
                Environmental Enforcement Section
                Environment and Natural Resources Division
                U.S. Department of Justice
                Washington, D.C.  20044-7611
                (202) 514-5405

                NORA R. DANNEHY
                Acting United States Attorney
                District of Connecticut

                JOHN B. HUGHES
                Bar Roll No. CT05289
                Civil Chief
                United States Attorney's Office
                District of Connecticut
                Connecticut Financial Center
                157 Church Street
                New Haven, CT 06510

OF COUNSEL:

AUDREY ZUCKER
Senior Enforcement Counsel
U.S. Environmental Protection Agency
Region 1
One Congress Street, Suite 1100
Boston, MA 02114-2023